UNITED STATES DISCTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK

THORNAPPLE ASSOCIATES, INC.,

               Plaintiff,

vs.

PETER E. DEUTSCH,

               Defendant.

13-CV-9196 (LGS)

**ANSWER**

Defendant Peter E. Deutsch ("Deutsch"), by and through his attorneys, Anderson Kill P.C., answers the Complaint of Thornapple Associates, Inc. ("Thornapple" or "Plaintiff") as follows:

### The Parties

1.     Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.     Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same.

3.     Deutsch admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

### Jurisdiction and Venue

4.     The allegations contained in paragraph 4 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Deutsch admits that this Court has subject matter jurisdiction.

5. The allegations contained in paragraph 5 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Deutsch admits that venue is proper in this District.

## The Facts

6. Deutsch admits the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the same.

8. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the same.

9. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies the same.

10. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same.

11. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.

13. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the same.

15. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies the same.

16. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the same.

17. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies the same.

18. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the same.

19. Deutsch admits that on June 14, 2013, Conner[1] and Zangari met with Graff and Shveta Kakar in person for a meeting at the Manhattan office of Anderson Kill P.C. Deutsch also admits Henry participated in the meeting by telephone and Deutsch participated by telephone for part, but not all of the meeting. Deutsch however denies the remaining allegations set forth in paragraph 19.

20. Deutsch admits that a meeting took place on June 19, 2013, at the Anderson Kill P.C. office in New York County which was attended by Deutsch, Kakar, Graff, Henry, Conner and Zangari. Deutsch however denies the remaining allegations set forth in paragraph 20.

21. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies the same.

22. Deutsch admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. The allegations contained in paragraph 23 set forth legal conclusions to which no response is necessary.

24. Deutsch denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in Plaintiff's Complaint.

25. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies the same.

26. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies the same.

27. Deutsch admits that on June 27, 2013, Conner, Zangari and Steckman met with Graff and Shveta Kakar in person for a meeting at the Manhattan office of Anderson Kill P.C. Deutsch also admits that he participated in the meeting by telephone for part, but not all of the meeting. Deutsch however denies the remaining allegations set forth in paragraph 27.

28. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies the same.

29. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies the same.

30. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same.

33. Deutsch admits that he paid the twenty-five thousand dollar retainer, however, is without knowledge or information sufficient to form a belief as to the actual date the retainer was tendered.

34. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies the same.

35. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies the same.

36. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the same.

37. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies the same.

38. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies the same.

39. Deutsch denies the allegation that neither Graff, nor Deutsch, through, Graff objected to any of Thornapple's charges. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 and therefore denies the same.

40. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the same.

42. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies the same.

43. Deutsch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies the same.

44. Deutsch denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

### First Claim for Relief

45. Deutsch incorporates by reference his response to paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Deutsch denies the allegation set forth in paragraph 45 of Plaintiff's Complaint.

47. Deutsch denies the allegation set forth in paragraph 46 of Plaintiff's Complaint.

### Second Claim for Relief

48. Deutsch incorporates by reference his response to paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Deutsch denies the allegation set forth in paragraph 47 of Plaintiff's Complaint.

50. Deutsch denies the allegation set forth in paragraph 48 of Plaintiff's Complaint.

### Third Claim for Relief

51. Deutsch incorporates by reference his response to paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Deutsch denies the allegation set forth in paragraph 49 of Plaintiff's Complaint.

### As To Prayer for Relief

53. To the extent a response is required, Deutsch denies that the Plaintiff is entitled to any relief against Deutsch.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against Deutsch upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails because Plaintiff breached the contract by failing to provide the required services.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails because Plaintiff breached the contract by failing to comply with Section 10 of the Retainer Agreement.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails because Deutsch is not liable for pre-retention charges billed by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails because the invoice on which Plaintiff relies grossly inflates the time expended on tasks and the invoice is not reasonable as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails because Plaintiff breached the contract by failing to provide sufficient consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Without waiving any Affirmative Defense, Deutsch is entitled to setoffs, offsets and recoupments against the amount alleged to be owed by Deutsch in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Deutsch has acted at all times in good faith and without intent to injure.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by acquiescence, laches, waiver or estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of unclean hands as the Plaintiff has failed to act in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to their breach of the implied covenant of good faith and fair dealing and/or by their bad faith conduct.

## TWLETH AFFIRMATIVE DEFENSE

Deutsch reserves the right to supplement or amend his Answer by adding additional affirmative defenses, counterclaims or cross-claims as additional facts are obtained through investigation and discovery.

WHEREFORE, Deutsch respectfully requests that the Court:

a) dismiss Plaintiff's Complaint against Deutsch in its entirety with prejudice;

b) award Deutsch a reasonable sum to cover its costs, expenses, and attorneys' fees in connection with this action; and

c) award Deutsch such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 19, 2014

ANDERSON KILL P.C.

By: /s/ Rachael Kierych
Rachael Kierych, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000
Facsimile: 212-278-1733
*Attorneys for Defendant*
*Peter E. Deutsch*