**LESTER SCHWAB KATZ & DWYER, LLP**
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**DENNIS M. ROTHMAN**
Writer's Direct Dial: (212) 341-4343
E-Mail: drothman@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

February 14, 2014

By hand

Hon. Lorna G. Schofield
United States District Court
40 Centre Street
New York, NY  10007

    Re:    *Thornapple Associates, Inc. v. Deutsch*, 13 CV 9196 (LGS)

Dear Judge Schofield:

This is the joint status letter of the parties.

## PLAINTIFF'S CLAIMS

Plaintiff, which provides expert witness and analytical services to parties in securities arbitrations and actions, was retained by Defendant in connection with a FINRA arbitration, in which Defendant is the claimant, pursuant to the terms of a written engagement agreement, on a time-billing basis.  Plaintiff seeks to recover from Defendant the balance due under Plaintiff's invoices.

## DEFENDANT'S DEFENSES

Plaintiff, experts retained by Defendant for a FINRA arbitration, claim that it is owed certain monies for services provided to Defendant. Defendant however asserts that Plaintiff's complaint fails to state a claim upon which relief may be granted.

First, Defendant is not liable for any pre-retention charges billed by Plaintiff as Defendant and his lawyers were not informed that Plaintiff would be billing any pre-retention fees. Indeed, a significant amount of the charges Plaintiff seeks to recover were billed prior to the execution of a retainer agreement, and, neither Defendant nor his lawyers ever consented to such pre-retention charges. Further, a merger clause within the operative Retainer Agreement bars such pre-retention charges as a matter of law.

Second, many of the post-retention charges have been disputed by Defendant as such charges overstate time and are duplicative in nature. Indeed, prior to the commencement of this litigation, Plaintiff was informed on multiple occasions that such charges were in dispute.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Lorna G. Schofield
February 14, 2014
Page 2

Third, Plaintiff provided Defendant with an estimate for its services of $50,000. This estimate included all work to be provided by Plaintiff from retention until the arbitration hearing. Defendant relied on this representation in his decision to retain Plaintiff.  Importantly, far from working through the conclusion of the arbitration and being paid a $25,000 retainer, Plaintiff terminated its retention in the pleadings stages.

Finally, Plaintiff failed to provide sufficient consideration in the form of the services it provided. For example, Plaintiff failed to advise of certain disclosures under securities compliance laws.

Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted, and, Defendant is not liable for the $111,262.50 demanded by Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

Subject matter jurisdiction is based on diversity pursuant to 28 U.S.C. section 1332. Plaintiff is a New Jersey corporation having its principal place of business in New Jersey. Defendant is a citizen of Connecticut.  Venue is based on 28 U.S.C. section 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim, chiefly meetings with Defendant and his lawyers, occurred in New York County.

## CONTEMPLATED MOTION PRACTICE

While Defendant believes the action should be dismissed as a matter of law, he has yet to determine the form and timing of that application.

## DISCOVERY

No discovery has taken place in this action. Defendant anticipates discovery likely to be admissible is the retainer agreement, Plaintiff's invoices and certain post-retention correspondence not protected by attorney-client privilege.

## COMPUTATION OF DAMAGES CLAIMED

Plaintiff expended $136,262.50 in professional time.  Defendant paid $25,000, leaving a balance due of $111,262.50.

## SETTLEMENT PROSPECTS

Counsel for Plaintiff and Defendant have generally discussed the prospects of settlement. However, as a result of several scheduling conflicts, the parties have been yet unable to convene to discuss specific terms of such terms of settlement.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Lorna G. Schofield
February 14, 2014
Page 3

      The proposed civil case management plan and scheduling order and a chambers copy of a stipulation between the parties, previously filed, is enclosed.

                                    Respectfully,

                                    S/ Dennis M. Rothman

Encs.                                  Dennis M. Rothman

cc (by email)(w/encs.):

Rachael Kierych, Esq.